UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: 1:26-cv-01232

GLOBAL CREATIVE GROUP, LLC,

        Plaintiff,

v.

FIVES MACHINING SYSTEMS, INC.,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff GLOBAL CREATIVE GROUP, LLC by and through its undersigned counsel, brings this Complaint against Defendant FIVES MACHINING SYSTEMS, INC. for damages and injunctive relief, and in support thereof states as follows:

**NATURE OF THE ACTION**

1. Plaintiff Global Creative GROUP, LLC ("Global Creative") brings this action for violations of its exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, display, distribute and create derivative works of GLOBAL CREATIVE's original copyrighted work of authorship over its trade show booth design.

2. Global Creative alleges that FIVES MACHINING SYSTEMS, INC. ("Fives") copied Global Creative's proprietary tradeshow booth design, for Five's own use, without authorization from Global Creative in order to advertise, market and promote its business activities. Fives committed the violations alleged in connection with Five's business for purposes of advertising and promoting sales to the public in the course and scope of the Fives' business.

3. In April 2024, Fives requested Global Creative create a tradeshow booth design for Fives use at an upcoming tradeshow called International Manufacturing Technology Show ("IMTS") in Chicago, Illinois.

4. Scott Wojda, on behalf of Global Creative, created and presented to Fives a custom trade show booth design. At all relevant times, the Work was **unpublished**, proprietary, and confidential, and was provided to Fives solely for evaluation purposes. Any use of the Work was expressly conditioned upon Fives retaining Global Creative and compensating it for its design services.

5. After reviewing the design, Fives advised Global Creative that it no longer wished to pursue a business relationship and that it intended to retain a different vendor. Global Creative did not grant Fives any license—express or implied—to use, reproduce, display, or create derivative works based on the Work.

6. In or about November 2024, Plaintiff discovered that Fives copied Plaintiff's tradeshow booth design, and created a derivative work thereof at the IMTS tradeshow, in violation of Plaintiff's copyright in the tradeshow booth design. Fives' infringing design is shown here in this LinkedIn post: https://www.linkedin.com/posts/fives_wearefives-fivesgroup-imts2024-activity-7242915328974893056-Tiz0/ (last accessed on March 19, 2025).

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Fives Machining Systems, Inc. is subject to personal jurisdiction in Illinois.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because upon information and belief the events giving rise to the claims occurred in this district,

Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## THE PARTIES

11. Plaintiff Global Creative Group, LLC ("GLOBAL CREATIVE") is a New Mexico limited liability company with its principal place of business in San Diego, California.

12. Global Creative is a creative event agency focused on creating high-value person to person interactions. Global Creative specializes in international trade fair design and production in the USA and Europe, which in turns massively increases their client's lead generation and media attention at these events.

13. Defendant Fives Machining Systems, Inc. ("Fives") is a Delaware corporation registered to do business in the State of Illinois, with its principal place of business at 2200 Litton Lane, Hebron, Kentucky, 41048, and can be served by serving its Registered Agent, C T Corporation System, 208 So LaSalle St, Suite 814, Chicago, IL 60604-1101.

14. Fives' business is the design and manufacture of machines, process equipment and production lines for the world's largest industrial groups in many sectors including aerospace, aluminum, automotive, cement and minerals, chemicals and petrochemical energy, general machining, glass, logistics, oil, gas, steel, and sugar.

## FACTUAL BACKGROUND

### Plaintiff's Copyrighted Trade Show Booth Design

15. In or around April 2024, Scott Wojda, co-founder of Global Creative while working in Spain as an independent contractor for Global Creative, created the trade show design booth known as the "Fives IMTS 2024 Design Deck" (hereinafter, referred to as the "Work"). Following its creation, Wojda assigned all right, title, and interest in and to the Work to Global

Creative by written assignment. Attached hereto as **Exhibit 1** is a true and correct copy of the Work.

16. The Work is a "United States work" within the meaning of 17 U.S.C. § 101. Scott Wojda is a United States Citizen, and the Work was authored by him.

17. The Work was duly registered with the United States Copyright Office, Registration No. VAu 1-563-794, pursuant to 17 U.S.C. § 410(c), with an effective date of registration of July 1, 2025, identifying Scott Wojda as the author and Global Creative Group, LLC as the copyright claimant. Attached hereto as **Exhibit 2** is a true and correct copy of the copyright registration.

18. Plaintiff Global Creative Group, LLC is the sole and exclusive owner of all right, title, and interest in and to the Work, including all exclusive rights under 17 U.S.C. § 106, by virtue of written assignment.

**Defendant's Infringement**

19. In or about April 2024, Fives requested a proposal from Plaintiff for Plaintiff to design and create a tradeshow booth for IMTS that was taking place September 9-14, 2024 at the McCormick Place Convention Center in Chicago, Illinois.

20. Over the course of several weeks, Global Creative and Fives corresponded regarding the particular trade show booth design. Wojda obtained specific information pertaining to Fives' tradeshow booth, including but not limited to the location and details about the design.

21. Thereafter, Wojda created the design and shared it with Fives. The communication stated that "All creative works contained within this document, including the entirety of the concept designs, are strictly confidential, and are the sole and exclusive property of Global Creative Group. Any dissemination, sharing, or disclosure without the explicit written consent of Global Creative Group, is strictly prohibited."

22. On April 23, 2024, Fives notified Global Creative that it decided to end the business relationship with Global Creative and that it was hiring a different vendor. **See Composite Exhibit 3**.

23. On information and belief, Fives had access and retained a copy of Plaintiff's trade booth design.

24. In or around November 2024, Plaintiff observed on LinkedIn that Fives had on full public display the infringing Work at IMTS, which is a substantially similar representation of Plaintiff's Work and which Plaintiff previously disclosed to Fives.

25. On information and belief, Fives hired a competing vendor, John Doe Company and distributed to the vendor a copy of Plaintiff's Work to replicate and create a derivative thereof.

26. Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Composite Exhibit 4**.

27. Global Creative never gave Defendants permission or authority to copy, distribute, display or create a derivative of the Work at issue in this case.

28. Global Creative sent a demand letter notifying Fives of the allegations set forth herein on February 3, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

29. Global Creative incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Global Creative owns a valid copyright in the Work at issue in this case.

31. Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Global Creative's authorization in violation of 17 U.S.C. § 501.

32. Defendant performed the acts alleged in the course and scope of its business activities.

33. Defendant's acts were willful.

34. Global Creative has been damaged.

35. The harm caused to Global Creative has been irreparable.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

36. Global Creative incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

37. By their actions alleged above, Fives has contributorily infringed Plaintiff's copyright in the Work.

38. Fives induced, caused, and/or materially contributed to infringing conduct by the other unknown vendor including by, *inter alia*, producing, advertising, encouraging and facilitating the creation of infringing versions of the Work.

39. Fives induced, caused, and/or materially contributed to infringing conduct of the unknown vendor by providing the means to produce, advertise and distribute infringing versions of Plaintiff's Work and by creating a derivative thereof.

40. Fives obtained economic benefits in connection with its actions constituting contributory infringement, including increased visibility, exposure, product sales, and revenues.

41. Fives' actions constitute willful infringement inasmuch as they knew, or had reason to know, that its use of and exploitation of Plaintiff's Work was unauthorized; and/or because it acted with reckless disregard of Plaintiff's copyright.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT

42. Global Creative incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

43. By their actions alleged above, Fives has vicariously infringed Plaintiff's copyright in the Work.

44. Fives' trade show design vendor committed a direct infringement of Plaintiff's Work.

45. Fives benefited and profited from the infringement of Plaintiff's Work at a time when Fives had the right and ability to control the infringing conduct by Fives' trade show design vendor and prevent the infringement but failed to do so.

46. The infringing conduct included producing, advertising, encouraging and facilitating the creation of infringing versions of the Work.

47. Fives obtained economic benefits in connection with its actions of Fives' trade show design vendor including increased visibility, exposure, product sales, and revenues.

48. Fives' actions constitute willful infringement inasmuch as it knew, or had reason to know, that its use of and exploitation of Plaintiff's Work was unauthorized; and/or because it acted with reckless disregard of Plaintiff's copyright.

WHEREFORE, the Plaintiff Global Creative GROUP, LLC prays for judgment against the Defendant FIVES MACHINING SYSTEMS, INC. that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, as provided in 17 U.S.C. § 504;

c. Global Creative Group, LLC be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Global Creative Group, LLC be awarded pre- and post-judgment interest; and

e. Global Creative Group, LLC be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Global Creative Group, LLC hereby demands a trial by jury of all issues so triable.

Dated: February 3, 2026            Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number: 1024723
layla.nguyen@sriplaw.com
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

J. CAMPBELL MILLER
Illinois Bar Number: 6345233
campbell.miller@sriplaw.com
**SRIPLAW, PA**

        742 S Rangeline Rd.
        Carmel, IN 46032
        561.404.4350 – Telephone
        561.404.4353 – Facsimile

        *Counsel for Plaintiff Global Creative Group, LLC*